**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Antonio LUDOVICO, Defendant–
Appellant.**

**No. 05–13214
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 17, 2006.

Michael B. Cohen, Fort Lauderdale, FL,
for Defendant–Appellant.

Anne R. Schultz, U.S. Attorney's Office,
Miami, FL, for Plaintiff–Appellee.

Before TJOFLAT, MARCUS and
WILSON, Circuit Judges.

PER CURIAM:

Appellant pled guilty to three counts of
an indictment: Counts 1 and 2, conspiring
to commit and committing a Hobbs Act
Robbery; Count 3, conspiring to possess a
firearm during a crime of violence. The
district court sentenced appellant to a con-
current 78–month term of imprisonment—
at the low end of the Guidelines sentence
range—on each count. He now appeals
his sentences, claiming that they are un-
reasonable.

Appellant contends that the district
court failed appropriately to consider the
sentencing factors set out in 18 U.S.C.
§ 3553(a) in fashioning his sentences. He
also claims that the sentence range pre-
scribed by the Guidelines overstated his
personal involvement in the offenses and
failed to consider his remorse, that he did
not personally cause the victim's injury,
and that he had led a law-abiding life and
enjoyed a professional career prior to his
involvement in the criminal activity in this
case.

In reviewing sentences for reasonable-
ness under *United States v. Booker*, 543
U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621
(2005), we "determine whether the sen-
tence imposed by the district court was
reasonable in the context of the factors
outlined in 18 U.S.C. § 3553(a)." *United
States v. Scott*, 426 F.3d 1324, 1328 (11th
Cir.2005) (internal quotations and citation
omitted). Before undertaking this task,
though, we determine whether the district
court consulted the Guidelines, took them
into account, and correctly calculated the
Guidelines sentence range, *United States
v. Crawford*, 407 F.3d 1174, 1178 (11th
Cir.2005) (emphasis omitted), before it
turned to the § 3553(a) factors.

Appellant concedes that the district
court correctly arrived at the Guidelines
sentence range in his case. Although the
court did not on the record discuss one-by-
one the factors set out in § 3553(a), it did
so implicitly in the context of considering
appellant's arguments in mitigation and his
claim that, given the § 3553(a) sentencing
factors, the prescribed sentence range
overstated the need for his imprisonment
for at least 78 months. The court conclud-
ed that concurrent sentences of 78 months
were reasonable in the circumstances pre-
sented. We agree.

**AFFIRMED.**